The opinion of the court-was delivered by
Rogers, J.
Jacob Brindle obtained a judgment, before a justice *76 of the peace, for a sum exceeding one hundred dollars, under the I4th section of the act of the 20th of March, 1810, entitled an act to amend and consolidate, with its supplements, the act entitled an act for the recovery of debts and demands not exceeding one hundred dollars, before a justice of the peace, and for the election of constables, and for other purposes.
.The justice of the peace issued an execution on this judgment, and directed it to James Delaney, a constable, who made a false return to the execution. The plaintiff brought suit against the constable for the false return: from the judgment of the justice, there was an appear to the Court of Common Pleas; to reverse whose judgment this writ of error is taken. The only question is, whether the justice of the peace had jurisdiction; the amount in controversy being above one hundred dollars.
This act of assembly, the legislature intended as a complete system, and whatever opinion may be entertained of the policy of the 14th section of the act, slill it is the duty of the court to carry the system into effect. The 14th section provides, that the justices of the peace shall take cognizance of controversies for any sum exceeding one hundred dollars, if the parties voluntarily appear before him for that purpose, by entering judgment; and that such judgments shall be prosecuted to recovery as other judgments by this act are made recoverable.
With respect to the recovery then of the money, judgments under and above one hundred dollars are placed on the same footing. How, then, are judgments under one hundred dollars collected? In default of payment, by the 11th section an execution is directed to the constable of the ward district or township where the defendant resides, &c. commanding him to levy the debt, &c. The 12th section provides that on the delivery of an execution to any constable, an account shall be stated in the docket of the justice, and also on the back of the execution of the debt interest and costs &c. In case of a false return, the justice is directed, to issue a summons against the constable, commanding him to appear and show cause why an execution should not issue against him for the amount of the first above-mentioned execution. This section of the act, in the opinion of the court, embraces all cases made cognizable under the act, whether under or above one hundred dollars.
It is objected that this act gives no appeal. * As between the plaintiff and the constable it is not an amicable action, (although between the original parties it is so,) but it is an adversary suit, and came directly within the provision of the 4th section, which gives the right of appeal within twenty days.
It will certainly not be pretended but that the constable, if not liable before the justice, is liable in the Court of Common Pleas, for false return. If suit, had been brought, then, what is to dii’ect that court, but the different provisions of the act directing the manner in which the money shall be collected before a justice of *77 the peace. If the justice of the peace might, nay, was bound to issue an execution, and comply with the directions of the act, stating the cause in his docket, on the back of the execution, the amount of debt, interest, and costs; if the constable was bound to execute the process under the penalty therein provided, I do not see why we' shall not also say, that the justice is bound to issue a summons to show cause why execution should not issue against him for a false return. Unless the justice of the peace has power to issue an execution, this money cannot be collected; for certainly the Court of Common Pleas has no power to issue an execution on a judgment before a justice. It would then appear to me absurd, that he had power to begin, but would not conclude the process necessary for the collection of the money.
It surely will not be contended, that when the debt is under one hundred dollars when judgment is rendered, and the execution exceeds that sum, either from the costs or claiming interest, that the justice has no power in case of a false return by a constable, to issue a summons and give judgment against him. The reasoning, in this case, would be equally strong as in the other. There is, in my opinion, a great convenience in saying that he who has commenced the process, may make an end of it by the collection of the money from the constable, in case of a false return.
Judgment affirmed.